IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE DAVIS, Jr.,     *

    *

         Plaintiff,     *    Case No. CA-07-200 EGS

v.     *

D.C. DEPARTMENT OF CORRECTIONS, et al.     *

         Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT DIAMOND PHARMACY SERVICES' MOTION TO DISMISS

Defendant, Diamond Drugs, Inc., d/b/a Diamond Pharmacy Services, by and through undersigned counsel, hereby moves this Court to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(5) and (b)(6), and in support thereof, states as follows:

1. Plaintiff, a *Pro Se* incarcerated inmate, has alleged what appears to be a series of events and amounting to what he contends to be inappropriate treatment and care of his left foot from 2001 through 2003 while he was incarcerated in the District of Columbia.

2. Plaintiff's claims appear to sound in medical negligence and perhaps a violation of the Eighth Amendment by means of deliberate indifference to his need for medical treatment.

3. Plaintiff, however, asserts only a one sentence allegation against this Defendant, namely that this Defendant did not provide/deliver medications and supplies to Correctional Corporation of America (CCA).

4. For the following separate and independent reasons, Plaintiff's claims should be dismissed against this Defendant in their entirety.

5. First, Plaintiff failed to serve this Defendant properly. Service was not made upon an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive process under the Federal or District of Columbia Rules of Civil Procedure.

6. Second, all of Plaintiff's claims are time barred on the face of the pleading under D.C. Code § 12-301(8).

7. Alternatively, Plaintiff's claims should be dismissed because Plaintiff has failed to establish facts which, if proven, establish a claim for relief.

WHEREFORE, in accord with the foregoing, Defendant Diamond Pharmacy Services respectively requests that this matter be dismissed in its entirety with prejudice.

Respectfully submitted,

_/s/ Jeffrey J. Hines_
Jeffrey J. Hines, Esquire (Bar No. 406090)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
**Attorney for Diamond Pharmacy Services**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAWRENCE DAVIS, Jr., | * | |
| | * | |
| Plaintiff, | * | Case No. CA-07-200 EGS |
| v. | * | |
| D.C. DEPARTMENT OF CORRECTIONS, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DIAMOND PHARMACY SERVICES' MOTION TO DISMISS

Defendant, Diamond Drugs, Inc., d/b/a Diamond Pharmacy Services, by and through undersigned counsel, hereby submits the instant Memorandum of Law in support of its Motion to Dismiss.

### INTRODUCTION

Plaintiff, representing himself *pro se*, is currently an incarcerated federal inmate housed in Maryland. Plaintiff has been incarcerated for at least six (6) years. Incarcerated Plaintiff's *pro se* Complaint alleges what appears to be a series of events and amounting to what he contends to be inappropriate treatment and care of his left foot from 2001 through 2003 while he was incarcerated in the District of Columbia. Within this series of events, Plaintiff claims that this Defendant was apparently negligent in that Defendant:

> Failed to provide the medications and supplies which Diamond Pharmacy were responsible to deliver to Correctional Corporation of America (CCA).

Statement of Claim at 3.

This one sentence allegation against this Defendant wholly fails to state any type of claim for which relief can be granted. However, giving light to the fact that Plaintiff is an incarcerated inmate and *pro se*, it appears Plaintiff has attempted to make out claims against the District of Columbia prison officials for negligence and constitutional violations under 42 USC § 1983. This Defendant, unfortunately, was included in Plaintiff's Complaint for the above referenced failure to deliver/supply medications and supplies to CCA.

For the following separate and independent reasons, Plaintiff's Complaint should be dismissed against this Defendant in its entirety. First, Plaintiff failed to properly serve Defendant. Therefore, this Court lacks *in personam* jurisdiction over this Defendant. Second, all of Plaintiff's claims are barred by the statue of limitations. Plaintiff's primary allegation, sounding in negligence, was not filed within the applicable three-year statute of limitation period under D.C. Code § 12-301(8) and should therefore be dismissed with prejudice. Moreover, even if this Court were to find that Plaintiff has alleged a § 1983 claim against this Defendant, it too is time barred and should be dismissed with prejudice. In the alternative, Plaintiff's Complaint should be dismissed because any § 1983 allegation against this Defendant fails to state a claim for which relief can be granted. Accordingly, the instant matter should be dismissed with prejudice.

## LEGAL ARGUMENT

I.  **The Plaintiff's Service on Diamond Pharmacy Services was Improper**

Because this Defendant is a corporation, the Plaintiff must serve process in accordance with the Federal Rule of Civil Procedure 4(h) or the District of Columbia's statutes for service on corporations. Fed.R.Civ.P. 4(h); James v. Booz-Allen & Hamilton, Inc., 206 F.R.D. 15, 17 (D.D.C.2002). Rule 4(h) authorizes service on a corporation "by delivering a copy of the

summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service or process." Fed.R.Civ.P 4(h)(1). Further, under Fed.R.Civ.P 4(e)(1), the District of Columbia authorizes service on corporations to be made on "an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service." D.C. R. Civ. P. 4(h)(1).

On July 24, 2007, Plaintiff attempted to serve process on "Diamon Pharmacy" by mail. More specifically, Plaintiff mailed service to "Diamon Pharmacy, Corporate Headquarters, 645 Kolter Drive, Indiana, Pa. 15701." The "Notice and Acknowledgement of Receipt of Summons and Complaint By Mail" was signed for by Lisa Dienes. Ms. Dienes works in the mail room. She is not an "officer, managing or general agent, or any other agent authorized by appointment or by law to receive service." See attached Affidavit by Louann Bouser. Service is thus improper. As such, this Court lacks *in personam* jurisdiction over this Defendant. Wilson v. Prudential Financial, 332 F.Supp.2d 83, 87 (D.D.C.2004); Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.Cir.2002)(Citing Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)). Plaintiff's claims should therefore be dismissed in their entirety against this Defendant.

II.  **All of Incarcerated *Pro Se* Plaintiff's Allegations are Time Barred Under D.C. Code § 12-301(8).**

Even should this Court deem service was proper, all of Plaintiff's claims are barred under the three-year limitations period set forth under D.C. Code § 12-301(8). First, D.C. Code § 12-301(8) establishes a three-year statute of limitations for medical malpractice actions. Colbert v. Georgetown Univ., 641 A.2d 469, 472 (D.C.1994) (en banc). In the District of Columbia, such a claim accrues "when the plaintiff knows of (1) an injury, (2) its cause, and (3) some evidence of

wrongdoing." Cervenini v. Archbishop of Washington, 707 A.2d 768, 771 (D.C.1998). Plaintiff's knowledge for this purpose includes either actual or inquiry notice. Diamond v. Davis, 680 A.2d 364, 381 (D.C.1996) (opinion of Ruiz, J.). Further, "A Defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) Motion when the facts giving rise to the defense are apparent on the face of the complaint." Potts v. Howard University, 240 F.R.D. 14, 17-18 (D.D.C.2007) (dismissing claims under both Title VII and the DCHRA because, on the face of the complaint, Plaintiff acted outside of the statute of limitations).
Here, it is readily apparent that Plaintiff's claims, on the face of the complaint, are time-barred.

Plaintiff's Complaint alleges medical neglect and sporadic care on part of Defendants while he was incarcerated in the District of Columbia from 1991 through February of 2003. According to Plaintiff, throughout the 1991 through 2003 time frame in which he was incarcerated in the District, he made "repeated and daily complaints about his left foot problem." Statement of Claim at 1. In February of 2003, Plaintiff was transferred to a medical center in Springfield, Missouri. Id. at 2. According to Plaintiff, his condition was treated properly while at Springfield, and had "resolved" after leaving Springfield in September of 2003. Plaintiff's Memorandum at 22.

For ease of reference, based on Plaintiff's Complaint, the following time-line demonstrates that Plaintiff's negligence action[1] is time-barred.

| | |
|---|---|
| 1991 | Plaintiff's left foot problems "started while he was incarcerated in the Virginia prison system;" Statement of Claim at 1. |
| | Plaintiff transferred to D.C. Prison; Plaintiff's left foot problems continued. Id. |
| 1/25/02 | "Dr. Wright, contract physician at Correctional Corporation of America (CCA), told Plaintiff that she had filed a complaint with CCA |

---

[1] Discussed in more detail below, the timeline also demonstrates Plaintiff's § 1983 claim is time-barred.

|       |                                                                                                                                                                              |
|-------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|       | Administrators in the Medical Contractors' Office about the neglect he had been receiving from CCA..." Plaintiff's Memorandum at 7.                                          |
| 2/17/02 | Dr. McCreary, physician at Greater Southeast Community Hospital (GSECH), <u>informed Plaintiff</u> that he would "contact Plaintiff's lawyer about the negligent care from CCA." Id. at 9. |
| 4/12/02 | "Plaintiff had a meeting with his Attorney where Plaintiff informed him of the negligent care he was receiving at CCA." Id. at 15.                                           |

**Accrual Date: Giving this *pro se* Plaintiff all possible leeway, seeing that this cause of action could easily be construed to have accrued on any day prior to this,[2] Plaintiff on this date clearly establishes that he had actual knowledge of his allegations against these Defendants.**

|       |                                                                                                                                                                              |
|-------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 5/31/02 | <u>Plaintiff filed</u> grievance nos. 0705640 and 0705758 with CCA against the Warden, Fred Feguoar, regarding medical neglect. Id. at 17.                                    |
|       | Plaintiff <u>"mailed copies of the grievances and concerns about the medical neglect and sporadic medical care to his attorney, Mr. Shapiro."</u> Copies were also provided to his primary care physician, Dr. McCreary at GSECH. Id. |
| 2/9/03 | Plaintiff transferred to the Medical Center for Federal Prisoners at Springfield, Missouri. Statement of Claim at 2.                                                          |
|       | Plaintiff claims to have received the "proper care" while at Springfield. Plaintiff's Memorandum at 22.                                                                       |
| 9/10/03 | Plaintiff "departed Springfield Medical with his 'left foot resolved.'" Id.                                                                                                  |
| **4/12/05** | **Last date for Plaintiff to file under the three-year limitations period.**                                                                                               |
| **4/13/05** | **Statute of Limitations runs. Any future claim now time-barred.**                                                                                                         |
| 1/30/07 | Plaintiff files Complaint.                                                                                                                                                   |

As shown, Plaintiff's Complaint is clearly time-barred on the face of the pleading. Plaintiff was well aware of his allegations between the time period of 1991 through May 31, 2002. During this time, he made daily complaints about inadequate care, filed two grievances with CCA, met with his attorney on April 12, 2002, and also mailed copies of his two grievances

---

[2] Plaintiff's injury occurred in 2001 and he made "daily complaints" about the care he was receiving

882624 (1486-3)                                     5

to his attorney outlining neglect on May 31, 2002. In other words, throughout the 1991 through 2002 time frame, Plaintiff clearly "discovered" his allegations. Plaintiff, however, failed to file within the three-year statutory period, and as such, Plaintiff's claim is time-barred. Even if this Court were to extend the accrual date to February of 2003, when Plaintiff was transferred to Missouri, his cause of action is still time-barred under D.C. Code § 12-301(8). Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

Next, if this Court should construe Plaintiff's Complaint as alleging a 42 USC § 1983 claim against this Defendant, this allegation is also time barred. "A section 1983 action is a tort damage action even though the duty of the defendant is alleged to have breached is created by the Constitution or federal law." Johnson-El v. District of Columbia, 579 A.2d 163, 166 (footnote 5) (D.C.1990) (citing Benson v. Cady, 761 F.2d 335,339 (7th Cir.1985). As such, limitation periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and any coordinate tolling rules. Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); Szczygiel v. Rice, 2007 WL 2013580 (D.Kan.2007) (State statutes pertaining to general personal injury claims "supply the limitations period for § 1983 claims).

Using the same time-line referenced above, the exact accrual dates and limitation period pursuant to D.C. Code § 12-301(8) applies. Therefore, no matter if this Court were to accept the accrual date to be on or before May 31, 2002 or in February of 2003, Plaintiff filed his Complaint well outside of the three-year statute of limitations period. Accordingly, Plaintiff's claims should be dismissed with prejudice.

### III. Incarcerated Plaintiff has Failed to State a Claim For Deliberate Indifference To Serious Medical Needs

In the alternative, should this Court find that service was proper and that the limitation periods have not expired, Plaintiff still fails to state any claim for which relief can be granted against this Defendant. Plaintiff's one sentence allegation that this Defendant failed to "deliver equipment/supplies to CCA", even if proven true, fails to even remotely set forth a § 1983 claim against this Defendant.[3]

In order to state a constitutional claim for denial of medical care, a prisoner must do more than allege ordinary medical malpractice. Indeed, courts have scrupulously guarded any tendency to permit common law medical malpractice claims to morph into constitutional claims. Estelle v. Gamble, 429 U.S. 97 (1976); Spruill v. Gillis, 372 Fed. 3d 218 (3rd Cir. 2004) ("allegations of medical malpractice are not sufficient to establish a constitutional violation."); Watson v. Caton, 984 F.2d 537, 540-41 (1st Cir. 1993) ("Watson's first two counts allege Defendants failed to provide or call delay in providing appropriate medical care. The Courts have consistently refused to create constitutional claims that a disagreement between prisoners and doctors about the proper course of a prisoner's medical treatment, or to conclude that simple medical malpractice rises to the level of cruel and unusual punishment.").

In order to state a constitutional claim, a prisoner must demonstrate that the acts or omissions amounted to deliberate indifference to the prisoner's serious medical needs. Estelle v. Gamble, supra. In essence, the treatment rendered must be so grossly incompetent or inadequate as to shock the conscious or be intolerable to fundamental fairness. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Id. at 851. Reckless disregard occurs when a

---

[3] Nor does it state a claim for medical-malpractice.

defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the indifference could be drawn that a substantial risk of serious harm exists and must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Compelling a show of significant physical or emotional harm or a grave risk of such harm, fuses an element of objectivity into the analysis, lest resolution of the seriousness of a deprivation evolve into an application of the subjective views of the judges deciding the question." Strickler v. Waters, 989 F.2d 1375, 1379-80 (4th Cir. 1993). Mere negligence or malpractice does not rise to a constitutional level. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Donlan v. Smith, 662 F.Supp. 352, 361 (D.Md. 1986).

In order to state a claim against Defendant Diamond Pharmacy Services, Plaintiff must allege facts which if proven establish an actual intent or reckless disregard for Plaintiff's medical need. Plaintiff's single sentence allegation against this Defendant that they failed to deliver equipment/supplies to CCA does not suffice. Such an allegation, without more, not only fails to plead with specificity how this Defendants actions violated a civil right, but it also fails to plead facts, even if proven true, to establish a claim for which relief can be granted.

Quite simply, Plaintiff's one sentence allegation against this Defendant is simply devoid of any colorable claim against this Defendant. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and the instant matter should be dismissed against this Defendant in its entirety.

## CONCLUSION

WHEREFORE, in accord with the foregoing, Defendant Diamond Pharmacy Services respectfully requests that this Honorable Court dismiss this action in its entirety with prejudice.

Respectfully submitted,

_/s/ Jeffrey J. Hines_
Jeffrey J. Hines, Esquire (Bar No. 406090)
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
**Attorney for Diamond Pharmacy Services**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 15th day of August, 2007, a copy of Defendant Diamond Pharmacy Services' Motion to Dismiss, Memorandum of Law in Support of Defendant Diamond Pharmacy Services' Motion to Dismiss, and proposed Order were served, via U.S. Mail, postage prepaid, to:

Lawrence Davis, Jr.
#R13158-007
Cumberland F.C.I.
POB 1000 A2 103L
Cumberland, Maryland 21501
***Pro Se* Plaintiff**

Shana Lyn Frost
Office of the Attorney General
  for the District of Columbia
441 Fourth Street, N.W.
6th floor South
Washington, DC 20001
**Attorney for District of Columbia**
**Department of Corrections and**
**Mayor Anthony Williams**

Correctional Corporation of America
2240 Hubbard Road
Youngstown, Ohio 44505

Dr. Wright
2240 Hubbard Road
Youngstown, Ohio 44505

Fred Feguoar, Warden
FCI Cumberland
POB 1000
Cumberland, Maryland 21501

                                                 /s/ Jeffrey J. Hines
                                                 Jeffrey J. Hines, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE DAVIS, Jr.,                    *

                                        *

        Plaintiff,                      *       Case No. CA-07-200 EGS

   v.                                   *

D.C. DEPARTMENT OF CORRECTIONS, et al.  *

        Defendants.                     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

Having duly considered Defendant Diamond Pharmacy Services' Motion to Dismiss and any Opposition thereto, it is this _____ day of August, 2007, ORDERED that:

   (1)   the Motion is GRANTED; and

   (2)   the Complaint is DISMISSED as against Diamond Pharmacy Services on all counts.


                                        _____
                                              UNITED STATES DISTRICT JUDGE

Copies to:  Lawrence Davis, Jr.
#R13158-007
Cumberland F.C.I.
POB 1000 A2 103L
Cumberland, Maryland  21501

Shana Lyn Frost, Esquire
Office of the Attorney General
    for the District of Columbia
441 Fourth Street, N.W.
6th floor South
Washington, DC  20001

Correctional Corporation of America
2240 Hubbard Road
Youngstown, Ohio  44505

Dr. Wright
2240 Hubbard Road
Youngstown, Ohio  44505

Fred Feguoar, Warden
FCI Cumberland
POB 1000
Cumberland, Maryland  21501

Jeffrey J. Hines, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAWRENCE DAVIS, Jr.,                *

                                    *

        Plaintiff,                  *    Case No. CA-07-200 EGS

v.                                  *

D.C. DEPARTMENT OF CORRECTIONS, et al.  *

        Defendants.                 *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### AFFIDAVIT OF LOU ANN BOWSER

I, LOU ANN BOWSER, do solemnly swear and affirm under the penalties of perjury that the following statements are true to the best of my knowledge, information and belief:

1. That I am over 18 years of age and competent to make this Affidavit.

2. That this Affidavit is based on my personal knowledge.

3. That I am a United States citizen.

4. That I am the Chief Financial Officer of Diamond Pharmacy Services.

5. That I have held the position of one year since 2006.

6. That Lisa Dienes works in the mailroom of Diamond Pharmacy Services.

7. That Lisa Dienes is not an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service or process on behalf of Diamond Pharmacy Services.

_____
Lou Ann Bowser

883729 (1486-3)

Subscribed and sworn to before me this 15th day of August, 2007 by Lou Ann Bowser, who gave oath, under penalty of perjury, that the foregoing was true and correct to the best of her knowledge.

Notary Public: _____

My commission expires: _____

```
NOTARIAL SEAL
Linda M. Heidenthal, Notary Public
Indiana Borough, Indiana County
My Commission Expires March 31, 2010
```