UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-0200 (EGS) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| *et al.*, ) | |
| Defendants. ) | |

**DEFENDANTS DISTRICT OF COLUMBIA DEPARTMENT OF
CORRECTIONS AND MAYOR ANTHONY WILLIAMS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants District of Columbia Department of Corrections and former Mayor of the District of Columbia Anthony Williams ("District Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c), respectfully request that this Court dismiss Plaintiff's claims against them. As explained more fully in the accompanying Memorandum of Points and Authorities, the statute of limitations bars Plaintiff's claims in this lawsuit. Additionally, the Department of Corrections is *non sui juris* and thus is not a proper defendant, and Plaintiff has not alleged any actions on the part of the Mayor to hold the Mayor liable for any alleged injury. Thus, dismissal of this matter is appropriate.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

       /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


       /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LAWRENCE DAVIS, JR., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-0200 (EGS) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| *et al.*, ) | |
| Defendants. ) | |
| ) | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff claims the District of Columbia failed to provide proper medical care to Plaintiff while he was incarcerated from September, 2001 until February, 2003. Compl. 1-2.

2. Plaintiff claims that he began to receive proper medical care when transferred to federal custody in February, 2003. Compl. at 2.

3. Plaintiff was paroled on March 11, 2004, and re-incarcerated on April 3, 2006. *See* Ex. 1. (Federal Bureau of Prisons Notarized Statement).

                      Respectfully submitted,

                      LINDA SINGER
                      Attorney General for the District of Columbia

                      GEORGE C. VALENTINE
                      Deputy Attorney General
                      Civil Litigation Division


                        /s/  Nicole L. Lynch
                      NICOLE L. LYNCH (471953)
                      Chief, Section II


                        /s/  Shana L. Frost
                      SHANA L. FROST (458021)

>Assistant Attorney General
>441 4th Street, NW, 6th Floor South
>Washington, DC 20001
>(202) 724-6534
>Fax: (202) 727-3625
>shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAWRENCE DAVIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-0200 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS AND MAYOR ANTHONY WILLIAMS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants District of Columbia Department of Corrections and former Mayor of the District of Columbia Anthony Williams ("District Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c), respectfully request that this Court dismiss Plaintiff's claims against them. As explained more fully herein, Plaintiff has failed to comply with the applicable statute of limitations and thus his claims in this litigation are barred as a matter of law. Thus, dismissal of this matter is appropriate.

### I.    FACTUAL BACKGROUND

The Plaintiff, a former District of Columbia inmate, filed the above-captioned matter on July 24, 2007, alleging medical negligence stemming from alleged failure to provide proper medical care of Plaintiff's left foot. *See* Compl., *generally.* Plaintiff alleges that the alleged failure to provide appropriate medical care commenced in September 2001, when Plaintiff arrived at the D.C. Jail, and continued until February

2003 when Plaintiff was transferred to the custody of the United States and placed at the Medical Center for Federal Prisoners at Springfield, Missouri. Compl. at 1-2. Plaintiff states that once he was transferred to the Federal Medical Center, "he received the proper treatment and care." *Id.* at 2.

Plaintiff was subsequently paroled by the federal government on March 11, 2004. *See* Ex. 1 (Federal Bureau of Prisons Notarized Statement). He was subsequently re-incarcerated as a parole violator on April 3, 2006, Ex. 1, and thus filed his Complaint from prison. The statute of limitations, which was tolled during Plaintiff's previous incarceration, began to run when Plaintiff was released from incarceration on March 11, 2004. Thus, Plaintiff's Complaint, filed on July 24, 2007, is untimely and must be dismissed.

## II.     STANDARD OF REVIEW

For many years, the oft-cited standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson*: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).

However, in the recent Supreme Court case of *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007), the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969. The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

2

allegations in the complaint. *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss. *Id.*

Pursuant to Rule 56(c), a summary judgment motion should be granted "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering such a motion, the court shall view the evidence in the light most favorable to the non-moving party. *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"The nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts,'" *Bias v. Advantage Int'l., Inc.*, 905 F.2d 1558, 1561 (D.C. Cir. 1990) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Rather, a party opposing a summary judgment motion must "provide evidence that would permit a reasonable [fact-finder] to find" in the non-moving party's favor. *Laningham v. United Sates Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987). Thus, under Rule 56, "if a party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial," summary

judgment is warranted. *Hazward v. Runyon*, 14 F. Supp. 2d 120, 122 (D.D.C. 1998) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)).

### III.   ARGUMENT

#### A.   The Statute of Limitations Bars Plaintiff's Claims

"The question whether an action is barred by the statute of limitations is procedural and is governed by the statute of limitations of the forum." *Proctor v. Morrisey,* 979 F. Supp. 29, 32 (D.D.C. 1997), citing *Steorts v. American Airlines, Inc.*, 647 F.2d 194, 197 (D.C. Cir. 1981). Thus, the statute of limitations set forth in Section 12-301 of the District of Columbia Code applies. This section provides a three-year statute of limitations for matters "for which a limitation is not otherwise specially prescribed." D.C. Code § 12-301(8). This catchall limitations period applies to actions for negligence. *See, e.g., Reaves-Bey v. Karr*, 840 A.2d 701 (D.C. 2004). It is well-settled that a cause of action accrues – and the limitations period begins to run – when the injury occurs. *Capitol Place I Assoc. L.P. v. George Hyman Constr. Co.*, 673 A.2d 194 (D.C. 1996); *Bailey v. Greenberg*, 516 A.2d 934 (D.C. 1986); *Burns v. Bell,* 409 A.2d 614 (D.C. 1979).

In this case, Plaintiff's injury occurred when he was first allegedly denied proper medical care in September, 2001. *Burns v. Bell,* 409 A.2d 614, 617 (D.C. 1979) (in medical malpractice actions, a cause of action accrues when the plaintiff knew or should have known of the injury). Normally, the statute of limitations would begin to run from this date. However, Plaintiff was incarcerated when his claim arose, thus the statute was tolled for the period of incarceration pursuant to D.C. Code § 12-302(a)(3), which provides that "when a person entitled to maintain an action is, at the time the right of

4

action accrues . . . imprisoned, he or his proper representative may bring action within the time limited after the disability is removed." D.C. Code § 12-302(a)(3); *see also Fernandors v. District of Columbia,* 382 F. Supp. 2d 63 (D.D.C. 2005).

"It has long been established in this jurisdiction that in order for the complaining party to toll the running of the statute of limitations on the ground of disability by reason of imprisonment, such party must be in prison." *Cannon v. District of Columbia*, 569 A.2d 595, 596 (D.C. 1990) (citations omitted). Thus, the statute of limitations was tolled for the period of time Plaintiff was incarcerated. On March 11, 2004, however, Plaintiff was released. *See* Ex. 1. Thus, the statute of limitations began to run on that date and Plaintiff was required to file his Complaint on or before March 11, 2007. *Fernandors*, 382 F. Supp. 2d at 68; *Simpson v. D.C. Metropolitan Police Dep't*, 789 F. Supp. 5, 8 (D.D.C. 1992).

In this jurisdiction, the tolling provision is applied strictly; even release from incarceration for just one day will set the statute running, and subsequent imprisonment does not toll the statute again. *District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C. 1997). Therefore, even in a case where the plaintiff's release from prison was brief and alleged to be invalid, in this jurisdiction the toll on the statute of limitations is forever lifted. *Id.* Thus, Plaintiff's subsequent incarceration has no effect on the statute of limitations for the medical negligence claim presented here.

Accordingly, because Plaintiff filed his claim more than three years after the statute of limitations began to run, Plaintiff's claim is time-barred and must be dismissed.

### B. The Department of Corrections is *Non Sui Juris*

The D.C. Department of Corrections is not *sui juris* and therefore cannot sue or be sued. "A noncorporate department or other body within a municipal corporation is not *sui juris* . . . Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities." *Braxton v. National Capital Housing Auth.,* 396 A.2d 215, 216 (D.C. 1978); *see also Ray v. District of Columbia*, 535 A.2d 868, 869 n.2 (D.C. 1987); *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n.4 (D.C. 1976). Accordingly, the Department of Corrections must automatically be dismissed from this case.

### C. Plaintiff Has Alleged No Facts to Hold the Mayor Liable

Plaintiff's claims against Mayor Williams fail as a matter of law. Plaintiff has not specified whether he is seeking to sue the Mayor in his official or individual capacity. To the extent Plaintiff seeks to sue the Mayor in his official capacity, Plaintiff's claims against Mayor Williams lie against the District. It is well-settled that "[a] suit against a municipal official in his official capacity is treated as a suit against the municipality itself." *Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 at *10 (Mar. 2, 2005 D.D.C.) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985); *Atchison v. District of Columbia*, 315 U.S. App. D.C. 318, 73 F.3d 418, 424 (1996)). Accordingly, any claims against Mayor Williams "in his official capacity proceed against the District of Columbia." *Id.*, citing *Arnold v. Moore*, 980 F. Supp. 28, 36 (D.D.C. 1997).

To the extent that Plaintiff seeks to sue Mayor Williams in his individual capacity, the action must also be dismissed. "[I]n order to find a supervisory official personally liable in damages for the unconstitutional acts of his subordinate it must be shown that he

6

was responsible for supervising the wrongdoer; that a duty to instruct the subordinate to prevent constitutional harm arose from the surrounding circumstances; and that, as a result of the official's failure to instruct, the plaintiff was harmed in the manner threatened." *Fleming v. District of Columbia*, 1989 U.S. Dist. LEXIS 11796, *8 (Oct. 5, 1989 D.D.C.), citing *Haynesworth v. Miller,* 820 F.2d 1245, 1271 (D.C. Cir. 1987). The Complaint is devoid of any allegation that Mayor Williams had knowledge or involvement with the allegations in the Complaint. Thus, Mayor Williams must be dismissed from this lawsuit.

## IV. CONCLUSION

For the reasons set forth above, the District Defendants respectfully request that the Court dismiss Plaintiff's claims against them.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division


        /s/ Nicole L. Lynch
        NICOLE L. LYNCH (471953)
        Chief, Section II


        /s/ Shana L. Frost
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax: (202) 727-3625
        shana.frost@dc.gov



U.S. Department of Justice

Federal Bureau of Prisons

Washington, DC 20534

September 21, 2007

Ms. Shana Frost
Office of the Attorney General-District of Columbia
441 4th Street, NW
Washington, DC 20001

Dear Ms. Frost:

In response to your telephone request, the following is public information on Lawrence Davis:

Name: Lawrence Davis
DOB: 7-18-64
Register#: 13158-007
DC DOC#: 250-665
Commitment Date: September 6, 2003 to FCI Cumberland, Maryland
Parole Date: March 11, 2004 from FCI Cumberland, Maryland
Re-Committed as Parole Violator: April 3, 2006 to FCI Cumberland, Maryland
    transfer: August 13, 2007 to Community Corrections (District of Columbia)
Parole Date: August 31, 2007

I certify that this is true information maintained by the Federal Bureau of Prisons on its computerized record system.

Sincerely,

*Anne Diestel*

Anne Diestel
Archivist/Communications Specialist
Office of Communications & Archives

District of Columbia
Subscribed and sworn to before me, in my presence,
this  21  day of  September , 2007
by  Anne Diestel
Jean C. Spruill, Notary Public
My Commission Expires November 14, 2011