UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE DAVIS, JR. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.  07-0200 (EGS) |
| | ) Document Nos.  15, 25, 27 |
| DISTRICT OF COLUMBIA | ) |
| DEPARTMENT OF CORRECTIONS *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

In this civil action against multiple defendants, plaintiff alleges that he was denied proper medical treatment for a foot problem during his confinement at the District of Columbia's Correctional Treatment Facility ("CTF") between 2001 and 2003. Defendant Diamond Pharmacy Services moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. For the following reasons, the motion will be granted and the case dismissed.[1]

Because plaintiff is proceeding *in forma pauperis*, the court officers are responsible for effecting service. Plaintiff was not provided the opportunity to cure the problems arising from

---

[1] On November 5, 2007, the District of Columbia and plaintiff filed a joint stipulation of dismissal of the complaint against the District of Columbia defendants based on a settlement agreement. Plaintiff also sues Warden Fred Figueroa, Corrections Corporation of America ("CCA") and CCA's Dr. Wright, but none of these defendants have appeared in the case presumably because they have not been properly served. Plaintiff did not comply with the Order of September 4, 2007 to provide by September 30, 2007 information about Warden Figueroa and Dr. Wright to enable the Marshals Service to complete service of process [Dkt. No. 18]. Thus, as was warned, the complaint against these defendants is dismissed pursuant to Local Civil Rule 5.1(e) and against their purported employer, CCA, pursuant to 28 U.S.C. § 1915A, which requires the dismissal of a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted.

2

serving the movant; therefore, he will not be penalized for any service deficiencies. Rather, defendant rightly claims that dismissal is warranted because the complaint fails to state a federal claim.[2] The complaint does not specify the basis of this Court's jurisdiction but it is presumed to be brought under 42 U.S.C. § 1983. To state a § 1983 claim, plaintiff must allege that he was deprived of a constitutional right by an individual acting under color of state law. Plaintiff accuses Diamond Pharmacy only of failing to deliver "medications and supplies" to Correctional Corporation of America., Compl. at 5, which allegedly resulted in a delay in his treatment. Pl.'s Opp. at 2. Even if these facts are proven true, they do not allege a constitutional violation and, thus, cannot sustain a § 1983 claim.

In the absence of a federal claim against the movant, the Court grants Diamond Pharmacy Services' Rule 12(b)(6) motion to dismiss and declines to exercise supplemental jurisdiction over what at best is a negligence claim. A separate Order accompanies this Memorandum Opinion.

SIGNED: EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: March 17, 2008

---

[2] Defendant also argues that the claims are time-barred by the three-year statute of limitations, but plaintiff rightly counters that his incarceration tolled the running of the statute of limitations until his release on March 11, 2004. *See* D.C. Code § 12-302(a)(3) (individual may bring action "within the time limited after the disability [imprisonment] is removed"). Thus, the complaint was timely filed on January 30, 2007.